IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40275 |
| | ) | |
| ROBERT A. SEARS, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

# ORDER

Trial was held in Omaha, Nebraska, on March 3, 2016, on a motion to appoint trustee filed by creditor Ronald Sears (Fil. #190), an objection filed by Debtor (Fil. #193), and a joinder motion filed by the United States Trustee (Fil. #201). Jerrold L. Strasheim represents Debtor ("Robert"), Donald L. Swanson, Brian J. Koenig, and Kristin M.V. Krueger represent Ronald Sears ("Ronald"), and Jerry L. Jensen represents the United States Trustee. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A). This order shall constitute the court's findings and conclusions under Fed. R. Bankr. P. 7052 and 9014(c). The parties have submitted their written closing arguments, and the matter is ready for decision.

For the reasons discussed below, the motions are granted.

*Background*[1]

Robert filed for relief under Chapter 11 of the United States Bankruptcy Code on February 2, 2010. On March 29, 2010, Ronald filed proof of claim No. 3-1 asserting a claim in the amount of $2,792,984.93. The basis of the claim is that Robert signed a Pledge and Security Agreement that pledged certain collateral to secure an obligation evidenced by a promissory note signed by Robert's son, Korley Sears ("Korley"). On August 4, 2011, Ronald also filed proof of claim No. 16-1 in the amount of $37,798.11. The basis for the claim is stated to be "Amounts repaid to FSA."

On December 31, 2015, Ronald filed a motion to appoint Chapter 11 trustee pursuant to 11 U.S.C. §§ 1104(a)(1) and (a)(2). The motion to appoint asserts that a Chapter 11 trustee should be appointed:

> [B]ecause, among other things, Robert A. Sears has violated, among other statutes, 18 U.S.C. §§ 152(1), 152(2), 152(3), 152(5), 152(7), and 153, by failing to disclose certain property (including, upon information and belief, property of AFY, Inc.) and then selling the same for his own profit and benefit outside of the ordinary course of

---

[1] For a more detailed (though by no means complete) recitation of the background facts, see the recent order entered at Filing No. 42 in *Sears v. Sears (In re AFY, Inc.),* Case No. BK10-40875, Adv. No. A14-4060 (Bankr. D. Neb. Mar. 7, 2016).

business without the permission of this Court and failing to disclose certain property interests in his bankruptcy schedules.

Shortly before trial, the United States Trustee filed its own motion for appointment of a Chapter 11 trustee for the same reasons. Specifically, the United States Trustee agreed that cause existed for appointment of a trustee as stated in the motion of Ronald and further asserted that the appointment of a trustee is in the interest of creditors and other interest of the estate pursuant to 11 U.S.C. § 1104(a)(2).

Robert opposed the motions, asserting that Ronald is not a party in interest and not a creditor and, therefore, has no standing to bring the motion to appoint a Chapter 11 trustee. Robert's attorney waived that portion of his opposition at trial, noting that the United States Trustee had sufficient standing. Therefore, the standing issue will not be further addressed. Robert's opposition also disputed that cause existed to appoint a trustee and that an appointment of a trustee is not in the best interest of the estate. The court thereafter set the matter for trial. The parties have submitted their written closing arguments, and the matter is ready for decision.

*Discussion*

Section 1104(a) of the United States Bankruptcy Code provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

Appointment of a Chapter 11 trustee is an extraordinary remedy, as discussed by the United States Bankruptcy Court for the District of South Dakota:

Case law from this Circuit interpreting and applying § 1104(a) is limited. However, the parties appear to agree – or at least do not appear to disagree – on several principles. First, the appointment of a trustee in a chapter 11 case is an extraordinary remedy. *Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2nd Cir. 2009); *In re AG Service Centers, L.C.*, 239 B.R. 545, 550 (Bankr. W.D.Mo. 1999). Second, there is a strong presumption in favor of allowing a chapter

> 11 debtor-in-possession to remain in possession. *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3rd Cir. 2003); *AG Service Centers, L.C.*, 239 B.R. at 550. Third, the movant bears the burden of proof. *Bayou Group, LLC*, 564 F.3d at 546-47; *AG Service Centers, L.C.*, 239 B.R. at 550.

*In re Veblen West Dairy LLP*, 434 B.R. 550, 553 (Bankr. D.S.D. 2010).

There is some discussion in the briefs as to whether the moving party has the burden to prove its entitlement to relief by a preponderance of the evidence or by clear and convincing evidence. Apparently, there is no direct guidance in this circuit on that issue, but courts in the Second and Third Circuits have concluded that the movant must meet its burden with clear and convincing evidence. *Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2nd Cir. 2009) and *Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 385 F.3d 313, 317-18 (3rd Cir. 2004). However, a preponderance of the evidence standard has also been used. *Tradex Corp v. Morse*, 339 B.R. 823, 829 (D. Mass. 2006). I need not resolve that conflict because I believe that the evidence in support of the motion meets the more stringent "clear and convincing" evidence standard.

As further discussed by the South Dakota bankruptcy court:

> The Court has the discretionary authority to determine whether cause exists for the appointment of a trustee under § 1104(a)(1). *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989). Considerations include the materiality of any misconduct, the debtor-in-possession's evenhandedness or lack thereof in dealings with insiders and affiliated entities in relation to other creditors, the existence of pre-petition voidable preferences or fraudulent conveyances, whether any conflicts of interest on the part of the debtor-in-possession are interfering with its ability to fulfill its fiduciary duties, and whether there has been self-dealing or squandering of estate assets. *In re Nartron Corp.*, 330 B.R. 573, 592 (Bankr. W.D. Mich. 2005) (citing *Comm. of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 242 (4th Cir. 1987); *Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.)*, 838 F.2d 1133 (10th Cir. 1988); *Sharon Steel*, 871 F.2d at 1228; *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 471 (3rd Cir. 1998); *Cajun Electric Power Coop. v. Central Louisiana Electric Coop. (In re Cajun Electric Power Coop.)*, 74 F.3d 599, 600 (5th Cir. 1996); and *Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673 (9th Cir. 1999)). If cause is found, the appointment of a trustee is mandatory. 11 U.S.C. § 1104(a)(1); *Sims v. Sims (In re Sims)*, 226 B.R. 284 (table *4) (10th Cir. BAP 1997) (citing *Oklahoma Refining Co.*, 838 F.2d at 1136).

*Veblen West Dairy LLP*, 434 B.R. at 553.

Before addressing the factual dispute and evidence offered in support of "cause" for appointment of a trustee under 11 U.S.C. § 1104(a)(1), I will address appointment of a trustee under

§ 1104(a)(2). Under that section, the court *shall* order the appointment of a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate[.]" It seems clear to me that the facts of this case cry out for appointment of a trustee under this alternate provision of § 1104(a).

This bankruptcy case is but one facet of a multi-faceted dispute among family members – with Robert and his son, Korley, on one side and Robert's brothers and others on the other side. These folks have been in litigation with each other in one fashion or another for the last six years. The family spat has spawned three bankruptcy cases (this case; the case of Korley, Case No. BK10-40277; and the case of AFY, Inc., Case No. BK10-40875), eleven adversary proceedings, one state court case, and countless appeals to the United States District Court for the District of Nebraska, the Bankruptcy Appellate Panel for the Eighth Circuit, and the Eighth Circuit Court of Appeals. To date, the assets of what was once a thriving family business (Ainsworth Feed Yards) have been liquidated and the proceeds distributed to the creditors of the feedyard. Robert and Korley are no longer in the feedyard business and appear to be placing all of their hopes of reorganization on a pending appeal of this court's recent order dismissing an adversary proceeding against their family members. In fact, Robert acknowledged at trial and in his closing argument brief that he has not proposed a reorganization plan in the six years his bankruptcy case has been pending because he plans to fund that plan with the proceeds of litigation against his family members for the actions they have taken in opposition to him for the past six years.[2]

As the United States Trustee notes in its brief in support of appointment of a trustee under § 1104(a)(2), every issue in the related bankruptcy cases and adversary proceedings has been hotly contested, and the disputes result from nothing more than ill feelings between and among family members. The United States Trustee asserts (and Robert seems to admit) that Robert is in Chapter 11 simply to continue his litigation against the family members. While there are certainly other creditors that Robert owes, the only real players in this bankruptcy case are family members. Therefore, an independent third party is necessary to evaluate the prospects for and alternatives to reorganization. These are essentially the same reasons the court appointed a trustee years ago in the bankruptcy case of AFY, Inc. (*see* Order of Apr. 29, 2010 (Fil. #81 in Case No. BK10-40875)).

The United States Trustee is being too diplomatic. In my observation of the activities over the last six years in this case, as well as in the related cases of Korley and AFY, Inc., it is clear that Robert is using his bankruptcy, and the related litigation and adversary proceedings, to cause irritation, inconvenience, and expense to his brothers and other family members. He is angry with his brothers and family members for not supporting his and Korley's attempts to reject the pre-petition executory contracts to sell the feedyard properties and to reorganize AFY, Inc. He believes that they should have supported his efforts, rather than protect their own financial interests. However, AFY's

---

[2]This court recently dismissed that litigation. *See* Filing No. 42 in *Sears v. Sears (In re AFY, Inc.),* Case No. BK10-40875, Adv. No. A14-4060 (Bankr. D. Neb. Mar. 7, 2016). As expected, Robert and Korley have appealed that decision.

-4-

ability to reject executory contracts and reorganize the feedyard ended when a trustee was appointed in the AFY, Inc. bankruptcy case and the trustee assumed the executory contracts, resulting in liquidation of the feedyard assets. That was more than five years ago. Since that time, Robert and his attorney, Mr. Strasheim, have used every conceivable tactic to make life difficult for Robert's brothers and other family members. As discussed in the recent order dismissing Robert and Korley's most recent litigation against their family members:

> Finally, the court observes that the efforts of the Plaintiffs and their attorney in filing this complaint appear to be nothing more than obstructionist behavior with the goal of perpetuating this long-running family feud. Their efforts attack the integrity of the bankruptcy system – a system the Plaintiffs voluntarily entered. When their tactics under Chapter 11 failed to produce the desired results, Plaintiffs then attempted to take their battle to another forum – state court – but failed due to the removal of the case back to this court. Plaintiffs and their attorney also attempt to create new causes of action out of actions taken by Defendants in the Chapter 11 cases to protect themselves, their claims, and the estates – actions they were forced to take due to the tactics of Plaintiffs. If Plaintiffs were allowed to proceed, it would render everything done in bankruptcy court meaningless. As the B.A.P. noted in Plaintiff's appeal of the AFY claims order, "it would defy logic to hold that a claimant would act in bad faith simply by trying to enforce his claim and assist a case trustee in procuring payment of it." *Sears v. Sears (In re AFY, Inc.)*, 463 B.R. 483, 490-91 (B.A.P. 8th Cir. 2012). Such tactics will not be tolerated.

*Sears v. Sears (In re AFY, Inc.),* Case No. BK10-40875, Adv. No. A14-4060, slip op. at 9 (Bankr. D. Neb. Mar. 7, 2016). This bankruptcy case cries out for the intervention of an independent third-party trustee. Robert's clear vendetta against his family members clouds his ability to properly perform the fiduciary duties of a debtor in possession and to act in the best interests of his bankruptcy estate. Therefore, I find that a trustee should be appointed pursuant to 11 U.S.C. § 1104(a)(2).

In addition, I believe that clear and convincing evidence has been provided by the moving parties for appointment of a trustee for cause pursuant to 11 U.S.C. § 1104(a)(1). The evidence presented at trial established that:

- Robert admitted at trial that in 2014 and in 2015, he sold two irrigation systems that he did not own and kept and used the proceeds for his own purposes. Despite the evidence clearly establishing that AFY, Inc., f/d/b as Ainsworth Feed Yards, Inc., purchased the irrigation systems, Robert claimed that the irrigation systems were owned on the date of bankruptcy filing by Ainsworth Feed Yards, LLC, an entity wholly owned by him and Korley as of the date of bankruptcy filing. He took that position even though he also represented that Ainsworth Feed Yards, LLC had no assets and no value on the date of bankruptcy filing. In any event, Robert failed to coherently explain how he personally had the right to sell and retain and use the proceeds of irrigation equipment that he did not own.

Case 10-40275-TLS   Doc 273   Filed 03/24/16   Entered 03/24/16 08:23:31   Desc Main
Document      Page 6 of 7

- Robert acknowledged he knew that the Chapter 7 trustee for AFY, Inc. held a large monetary judgment against Ainsworth Feed Yards, LLC and has held that judgment since 2011. Despite that knowledge, Robert sold the irrigation equipment that he believed belonged to Ainsworth Feed Yards, LLC and used the proceeds for his own purposes instead of for the creditors of Ainsworth Feed Yards, LLC.

- Robert testified at trial that he will sell yet another piece of irrigation equipment that does not belong to him unless the AFY, Inc. trustee does something with it soon.

- Robert claims to own certain property leases and/or subleases, but fails to show any income from doing so.

- At trial, Robert failed to provide any coherent explanation as to why he has never shown any income from or value in Sears Angus, LLC despite testifying to ownership of a 50% interest at his § 341 meeting of creditors.

- Over the course of the bankruptcy, Robert engaged in a series of transactions outside the ordinary course of business – including an equipment lease with Korley, various loans to Korley, loan transactions with his wife, and payment of professional expenses – all without first obtaining or requesting court approval.

- In the six plus years of this case, Robert has failed to propose a plan and disclosure statement. Creditors are simply left in limbo.

The testimony and documentation produced at trial established each of the foregoing actions of Robert and was not disputed. Robert's testimony at trial was confusing and fraught with reckless indifference, at best. At worst, Robert's testimony at trial was dishonest and dismissive of his responsibilities as a fiduciary of a Chapter 11 bankruptcy estate. It is difficult to imagine a more clear case for appointment of a Chapter 11 trustee for cause, including fraud, dishonesty, incompetence and gross mismanagement of the case.

I am mindful that on the same day he filed his closing argument brief, Robert also filed a motion to dismiss his Chapter 11 bankruptcy. Frankly, that seems to be yet another attempt to escape the consequences of his actions, and will not be considered at this time as it is not ripe for decision. An independent trustee should be the one to determine in the first instance whether proceeding with the motion to dismiss (or other action) is in the best interests of this estate. Robert clearly cannot be trusted to do so.

  IT IS, THEREFORE, ORDERED that for the foregoing reasons, the motion to appoint a Chapter 11 trustee (Fil. #190) filed by Ronald and a joinder motion filed by the United States Trustee (Fil. #201) are granted.[3]

  DATED: March 23, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  Jerrold L. Strasheim
  *Donald L. Swanson
  *Brian J. Koenig
  *Kristin M.V. Krueger
  *Jerry L. Jensen
  United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3] Procedurally, the next step is for the United States Trustee to convene appropriate proceedings with interested parties to select a trustee. When a trustee is selected, the United States Trustee or the moving parties will typically file an application for an order approving the appointment.